ANSTEAD, Judge,
specially concurring.
I concur with the majority in affirming the dismissal of the third amended complaint for failure to state a cause of action. The appellant husband apparently tripped and fell at the entrance to a supermarket. The fall took place near a sliding entry door. There was a mat placed nearby. The appellee, Snowhite Dust Control Services, Inc., was the supplier of the mat to the supermarket. The complaint claims that the appellee, as the supplier of the mat, should have known that an accident would occur if a mat was placed close to a sliding door. The trial court did not believe these allegations sufficient to state a cause of action, and, after giving appellant several opportunities to allege a defect or unreasonably dangerous condition, dismissed the claim with prejudice. There are no allegations in the several complaints filed against the appellee that the mat was defective or unreasonably dangerous in any way. Absent such allegations the trial court appears to be eminently correct in concluding that no cause of action is stated. See Royal v. Black and Decker Manufacturing Company, 205 So.2d 307 (Fla. 3d DCA 1968). The pleadings really state no more than that an accident happened involving a mat and a sliding door. I agree that this is not enough to State a claim for legal liability against the supplier of the mat.